Our next case is number 2012-5075 SIMULATION TECHNOLOGY v. United States. I'm Edward Gay from Orlando representing SIMULATION TECHNOLOGY. I bring before the court what I believe is a substantive error on behalf of the trial court as to the plaintiff's burden to meet the jurisdictional requirement for the court of federal claims. I believe that the court itself found in the final paragraph preceding the conclusion on page 6 of the opinion, appendix page 40, is that the administrator claimed to have set forth several facts relevant to his excusable delays claim. It did not define exactly what those several facts relevant were, but we know there is one factual assertion that they do, that the trial court does bring out in the preceding paragraph regarding the fact that the plaintiff did not assert that he was responsible for the delay. At least that's what the trial court found. I disagree with that. I'm going to get into that a little later because I do think that it was before the contracting officer, but where the error comes in... Do you still have a problem? I believe I do. I think that the same operative facts are before the CO as well as before the court. I believe that it's not as highly technical as it may be presented. Aren't excusable delay and waiver, aren't those two separate distinct legal theories? There are separate distinct legal theories, but the operative facts that would support either one of them are before... That's what I assume that we find that we're dealing with the same operative facts, but there's two distinct legal theories. Isn't that the question here? Wouldn't you have a problem if we were to find that there's two distinct legal theories, that you pursued a legal theory before the CO and a different one before the CSC? Not the same facts, two different theories. There are two different theories, but I don't believe that forecloses. I know that just from experience is that if you have, for example, in a claim that someone asserts a breach of contract claim, and then the trial court finds that there's not sufficient elements to meet the breach of contract claim and then it's appealed, there may be very well facts that support other theories such as an implied contract or unjust enrichment, and there can be a reversal of the cause for that reason. Not unless those affirmative defenses were not pled below. Excuse me? Not unless those affirmative defenses were not pled below or litigated below. Well, I believe that the facts before, if we're looking at the contracting officer or the trial court, then the facts before the court, though, before the contracting officer are the same operative facts. The problem that I have with your case is that the statute requires that the contracting officer be given notice, notice of the contractor's claim of what it is the contractor thought the government did wrong and why there should be a remedy for the contractor. When you give someone notice of something, you tell them, you're quite right, the contracting officer knew all the facts, had gone through this whole history, knew there was a question of delay and there was a question of supply and there was a question of all kinds of things that the contracting officer and the contractor had argued about, but before the contracting officer, your client gave one explanation as to what had gone wrong and then in the court of federal claims, you came up with an entirely different explanation using all the same facts but repackaged into a different explanation. The problem that is that the statute requires you first get a contracting officer's decision on your particular claim. How do you get out of that? Well, if you look at the case, for example, of the court-sided AAB joint venture, there's the issue of what was before the contracting officer was essentially like a declaratory relief. There was contradictory contract language regarding whether it's a quality control charges or whether it's a more expensive charges and then the complaint brought up that it is filed suit under the more expensive method and the court found that there was no basis of jurisdiction but on the basis that I'm out, it's not before the court. But the central question, I think this case is the opposite of that because the factual basis is identical. Also, is it because if I look at the appendix, page 22, when these facts were brought to the attention of the contracting officer, it talks about out-of-state changes and it says, you know, they had to re-cultivate seeds and so on and so forth. But I didn't see anything in there where it was claimed that these changes resulted in delay as opposed to an additional cost denial. Is there something here which says that the contract was delayed because of these changes and where is it? The article on 22.2e on the cab delivery? Is that the one issue that the court cited was the cab delivery? That's the last paragraph for the conclusion of the court. Again, as it says, the administrator claims that for several facts, all of it is excusable. Let's ignore for a moment what he said below. Look at this page. Where does this page talk about the out-of-scope changes causing delay? It talks about their resulting in approximately $15,000 of additional costs. But where does it say delay? Well, it doesn't say delay specifically, but certainly it can be inferred from that, and I point out there's two ways in which it's inferred. First of all, the delivery of the cab was minus the front end, and also they had to do design modifications to the design. This is the last four lines of the top of the page there. It's actually 2e on the contractor's office decision. Modifications to design to accommodate delivery of an up-armored cab vice, the armored cab described in the solicitation and subsequent contract. So, understandably, it's reasonable to assume, and I don't know how it could be inferred any other way, that when both the cab itself delivered was minus the front end, and design work had to be done to meet the solicitation and subsequent contract, then there were delays. So, why is it the contracting officer entitled to be told that you're claiming that these supposed changes resulted in delays, and telling him how much delay resulted? And this doesn't do it, right? Well, it's inferred that there's delays, and I would respectfully submit there is, because we don't know that there's two weeks delays, two months, or beyond that. But certainly there's before the contracting officer this issue of the delivery of an effective cab and the need for design. And also the contracting officer itself says in 2d that there was considerations. This is back on appendix page 21. It's 2d. It's the response of the first sentence. The government, again, requested consideration on 22 June 2009, or January, excuse me, saying that syntax consideration for light delivery was appreciated in March. Well, there's some... It's acknowledged then by the government that there were some reasons for delays, or saying that consideration of light delivery was appreciated in March. It doesn't actually specify what those delays are, but it's certainly acknowledged specifically that there were delays, obviously. That's why they're appreciating light delivery. Yeah, but they're not tied to the changes. That's the problem. It's more than specified, actually, in the complaint what happened during that period of time. It's in paragraphs. It's on appendix page 5, paragraphs 8 and 9, actually, what happened. It doesn't make any difference what's in the complaint. The question is what was before the contracting officer. Well, the contracting officer obviously, as I said, knew something. It's not all that apparent what the contracting officer is referring to there. That's a problem that we have, which then goes to another point on a procedural point, which I raised in the briefs, both the initial brief and the reply brief, is that in this case there was no discovery done. There was the court, Rule 26 is applicable to the court of federal claims, and there's no discovery. This discovery is prohibited until there is a discovery order. There's supposed to be a case management conference. One of the problems I have with it is the fact that, just like AAB Joint Venture, if you look at the record, it does show that there was a 60-day window, which would be typical of a discovery order, prior to the issue of motion of dismissal for lack of jurisdiction, and a submission of a sworn statement by the contracting officer, who claimed that they did not have knowledge of the issues that the plaintiff was presenting. In this case, we don't have anything. We don't have any record evidence on behalf of the appellee. There's no contracting officer's affidavit. The only sworn statement is actually the complaint of the plaintiff, and the fact that it was not being presented by the defendant, the defendant didn't present anything other than the arguments, the motion itself, that it was the plaintiff who brought forth the contracting officer's decision, and so I respectfully submit that there is a procedural irregularity that's before this court, that on this issue, if we take, for example, a deposition of contracting officer, the guard director and officer may acknowledge that they were aware of the excusable delays, and also they would expand on this, what was in appendix page 21, it's on 2D, what do they mean by consideration that the late delivery was appreciated in March? Were they aware of these issues stated in the complaint made in that? So I believe that the court, at the very least on this case, would have to reverse the demand for a discovery period. I believe that that's probably before the court, because there is, this is very unusual to me, it's unusual that you have a no discovery in the case like you had in a double A, B joint venture, and in similar cases, there's simply... You had no discovery because the court decided it had no jurisdiction. Well, but there would be discovery, so an issue of jurisdiction should be allowed. What would the discovery show? The discovery would show the knowledge on the part of the contracting officer for some of the... Why do we care about that? Well, we look at the documents, and we see what was before the contract, or if the contracting officer's subjective knowledge is irrelevant, isn't it? The contracting officer's knowledge of the delays that are before the contracting officer would be, as far as the theories that we're presenting. Well, it's true that the delays lay at the heart of the whole problem. There's no question about that, but in dealing with what you brought to the contracting officer, the contracting officer said, and this is on page 5 of the contracting officer's statement, that's the appendix, page 24, by accepting delivery of the Simtech heat on 23 December... This was your argument for the contracting officer. By accepting delivery after laying out all the delays. By accepting delivery of the Simtech heat on 23 December 2008 and providing access to the Simtech heat on several occasions thereafter to attend to shipping damage issues as well as out-of-scope requests by your technical personnel, such as alteration of the gunner's cage handles, addition of rubber mats to the grip straps, supplying wire materials for application. The Air Force, by their actions, waived any issues relating to delivery delays. Ultimately, on 5 March 2010, the government waived all rights in delivery delays by formally accepting delivery of the Simtech heat. That was the case you made to the contracting officer, and the contracting officer rejected that case. But that's not the case you took to the Court of Federal Claims, is it? Did you take that case to the Court of Federal Claims, the waiver case? No. But the issue, as the trough board points out, is that it's a close question because the ultimate operative facts are... That's what the issue is, is the ultimate operative facts are nearly identical. What the trough board itself said, there were relevant facts, and that it raises a close question. The error that I cited was the fact that it said that it was solely, it had to be solely attributable to unsuitable delays. And it had to be... And so that is an error because of the fact that I think the counsel for it would agree that's not the standard. The standard would be that you look at various factors, and, firstly, the plaintiff would have a preponderance of evidence burden to show that the performance was done without the problem of the plaintiff. The plaintiff would not be the one who could have caused the delays, but delays were beyond their control, and they performed in light of those delays. And those delays could be for various factors, whether that's the government, it's third-party suppliers, or weather. Would you agree that what you take to the Court of Federal Claims is an appeal of the CO's decision? It is considered by yes. Okay. And if you state a different cause of action, a different legal theory, before the Court of Federal Claims, what does that do to your appeal? Don't you kind of miss the boat there? Well, I don't necessarily believe that it should be the case, because it goes back to how hyper-technical the courts want to be on this issue. It's very technical. The requirements are very clear. This goes back to my original argument about the breach of contract action if someone asserts a breach of contract action, and then the court says, well, you're right, it's not a breach of contract action, but there's unjust enrichment and implied contract, and I'll remand it for that reason. I don't know that there could be contracting officers in interplay with the Court of Federal Claims, is that technical or should it be? Okay. All right, thank you. We'll give you two minutes, Ronald. Mr. Upton? Thank you. May it please the Court. This Court should affirm the Court of Federal Claims granting of the government's motion to dismiss for lack of subject matter jurisdiction. As has already been discussed, the administrative claim was about waiving the rights of consideration. The claim made in the Court of Federal Claims complaint was about excusable delay. These claims are not based on the same operative facts. They are distinct legal theories with a different factual basis and different proof required. As such, the contracting officer was not on notice of an excusable delay claim when he dealt with the waiver. Can they go back now and file an excusable delay claim with the contracting officer? Yes, Your Honor, they can. They are still within their six-year statute of limitations. So they could start over with a proper delay claim? They could. We would have to see how that played out, and I'm unsure how the agency would rule on it. But yes, they are within their statute of limitations. They are beyond their statute of limitations for appealing the waiver claim because we are more than 12 months after the filing of the final decision. So they could not now go to the Court of Federal Claims on a waiver claim? That's right, Your Honor. But they could go back to the contracting officer on a delay? I believe they could, although the arguments obviously could be made about that as well. Well, yes, the substance is we're not judging the substance. That's interesting. So there's no collateral-type rules before the CEO? In the CDA, a contractor can have many bites at the apple, so to speak? We would likely, we're going down quite a road here, but we would likely be considering issues of whether there's res judicata, that sort of thing. But, again, we would have to analyze that at the time. What you're saying is apart from res judicata, they don't have a problem. But you'd argue res judicata. They should have raised this theory original. Again, this wasn't done properly. The question is whether res judicata would apply to the contracting officer, which is an interesting question. An interesting question indeed. All right, we don't need to get into that. But isn't it the case, Mr. Upton, that the contracting officer, in fact, had been negotiating these delay questions all along with this company, and when the waiver thing came in, there's some language in there. They talk a little bit about the delay problem in the contracting officer's response, although it is true it focused on the waiver issue. But, nevertheless, couldn't we broadly say that the contracting officer really knew what was at stake in this case? No, Your Honor. And, again, I think this gets down to we have to be very careful with the words we choose. You use the word delay casually. Again, the standards are clear. As you mentioned, the CDA and the statute 7104B make very clear that the contracting officer gets the first bite of the apple. They have to be presented with a claim. The standard, one of the things that's very clear here is there is no dispute about the case law. We all agree that it's whether the two different claims are based on the same operative facts. If you look at the facts specifically, and, Your Honor, I'm pointing to exactly where I would point, Joint Appendix A-22, the facts that are cited are problems that came up in the time of the contract, the delivery of the cab, that sort of thing. But the claim of excusable delay requires certain proof. That's why the Court cited the Sauer decision, the Federal Circuit's Sauer decision, and those elements are causation, duration, mitigation. And if you look at the specific facts, frankly, the facts put forth on Joint Appendix A-22, as Your Honor pointed out, they present them as consideration, elements of consideration, not elements, I have to choose my words more carefully, pieces of consideration that simulation technology did that should justify that even though the government, in their eyes, waived consideration, they still did some consideration. And that consideration is extra work and extra time. Let me ask you a question of what does bother me about the case. Both the waiver and the excusable delay case seem to me to arise under the same operative facts. I mean, the whole record is all about delay and we're going to waive, and they ended up taking possession of the vehicle in the end, but the whole record is about, you know, you didn't give me this and you didn't call the tow truck and I didn't get the cab and there's delay. So it seems to me that an argument can be made that we're dealing with the same operative facts. My question to you is that if we find that we're dealing with the same operative facts but that two different lawsuits have been brought, or rather that the claim before the CO was based on one legal theory and the appeal to the claims court was based on a totally different legal theory, then are we still required to find a lack of subject matter jurisdiction in that case? The hypothetical you presented isn't really the case here because these cases, and I should point to the court-filed claims decision, they mentioned, the court-filed claims said there are some overlapping facts between the two. I'm asking you to assume that we do find that we're dealing with the same operative facts. Well, again, the test is the same operative facts and I think if we went down that road, there's a possibility you could say the other thing. But again, I don't, there's a case law either way on that. But the issue again is here, they're not the same operative facts and it comes down to that issue of causation, duration, mitigation. The point being, they talk about, for example, the cab delivery, right? And they talk, if we want to talk about causation, they talk about causation leading to extra work and extra labor. They do not talk about causation in terms of delay, in terms of the delivery of a cab that was not in the condition they expected would cause them to miss the delivery date. And you can know that by the conclusion of the paragraph on 822, saying these out-of-scope changes approximate $15,000 of additional cost to simulation technology. Now, my opposing counsel in this case said, there's no other way you could read that. Well, the other way you could read that is they have to do some extra work to meet the deadline and there's an additional cost there. They could have met the deadline. They didn't and again, that's one of the issues here. So that causation is missing. There is a, again, back to your point about using the phrases carefully, you can easily say there is talk of causation here, but it's causation leading to extra work, causation leading to extra cost, not causation leading to delay. There is really no specific talk about duration or mitigation. Now, if this were done properly as an excusable delay claim, you might expect to see some sort of impact on the critical path, that this delivery of this truck in this condition caused us 17 extra days of delay and that's why we were 17 days late in delivering. I mean, that goes to another big point about the notice point and what this really is, what is the essence of the claim? What is the focus of the claim? If this were an excusable delay claim, you'd expect to see them asking for days, right? They don't. This is a claim asking for dollars. Early days converted to dollars and they haven't done that. This is a waiver claim that was the government's holding back of ultimately $23,000 and the simulation technology saying, no, you've waived your right to hold that $23,000. Counsel, I suppose you could answer some of our questions on operative facts by saying that the operative facts in a waiver claim are the question of whether the parties came to a meeting of the minds on forgiving certain delays for whatever reasons they chose to agree to basically amend the performance date for whatever reason. As the operative facts in a delay claim are quite different, they're not the same operative facts. There's no question of an agreement between the parties. The question is, was the cab really dirty when it was delivered and if so, whose fault was it and all those other mechanical details. Again, you could make the argument if you wanted to that the operative facts are really not the same. I believe I have made that argument. The test, again, we shouldn't ignore the word same. The court test claims, though, found that there was overlap in the facts. Correct, Your Honor. So how much overlap does there need to be in order for it to rise to operative facts? I would, again, not hypothetically, the word same is the test, right? So the facts would have to overlap completely with maybe some extras. It shows causation and the duration of the delay caused by the government action. Exactly. Again, none of that is presented. And that is why, as Your Honor pointed to the paragraph on A22, these facts about delivery of a cab and extra work are presented as, you know, we did some consideration anyway and here it is. And then, as Your Honor pointed to, A24, naturally the contract announcer read that, read it as a waiver claim and ruled on it as a waiver claim, you know, made a decision as a waiver claim. All right. Anything else? No. All right. Thank you, Mr. Rothman.  Mr. Gay, you have two minutes. The issue that this counsel has conceded that there is authority that the same operative facts exist, then there can be a remand. And I believe that the court's decision goes to that issue as addressed, that the issue before the court made its opinion on it was whether there was all the delays were beyond the plaintiff's control. That's what the decision says. It says it in only two parts on page 40, page 60 of the opinion. It goes to whether the late delivery was solely equivalent to the uncontrollable delays and whether all the delays experienced were beyond the plaintiff's control. How to work the basis of it. So the court is recognizing the fact it's not a legal issue. Technically, it's looking at whether there were these facts that whether the plaintiff has met the burden that the delays were solely equivalent to the uncontrollable delays and whether all the delays experienced were beyond the plaintiff's control. That's the decision of the court, and that's why I submit it was error because I don't believe the counsel would disagree, and I don't think he did, at any point in time, to say that's the actual standard because you look at all the various standards that could be applicable to an excusable delay situation, again, whether it's the government, the plaintiff, whether there are parties, and that's what will be decided at a trial. Thank you. Okay. Thank you, Mr. Gates. I thank both counsel for submitting.